ORIGINAL

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

FILED
MAR 6 2008
U.S. COURT OF FEDERAL CLAIMS

Connie E. Yant,
Barbara D. Alheit,
Tiny L. Anderson,
Nancy K. Bedford,
Jennifer E. Blair,
Robert Coleman Blakey,
Marguerite E. Callahan,
Carol Callaway-Lane,
Beatrice Edmundson,
Lori Emery,
Donna Esmond,
Ramona Farrar,
Lois E. Finch,
Frankie Fisher,
Debra L. Greenspan,
Glenda Harris,
Linda T. Howerton,
Sandra Key Jasper,
Jo Ann Johnson,
Linda Louise Laughlin,
John H. Lewis,
Kristi Sue Lowe,
David Leo Lybarger,
Geralyn McVeigh,
Verna Porth,
Jacklen Robinson,
Troy A. Russell,
Amy Sadler,
Stacy L. Scarbro,
Amanda M. Shaw,
Lourdes Elizabeth Spitler,
Andrea Lea Stupka,
Kathy L. Watkins,
Jennifer Watson,
Robin Dianne Young

Plaintiffs

v.

The United States

Defendant.

CASE NO. 08-77C

**COMPLAINT**

(~~Jury Demand Endorsed Hereon~~)

Now come the afore-named Plaintiffs, by and through their undersigned counsel, and for their Complaint against Defendant state as follows:

1. Plaintiffs are present or former Nurse Practitioners employed at the United States Department of Veterans Affairs in various locations in the State of Tennessee.

2. R. James Nicholson is the current Secretary of Veterans Affairs.

3. Plaintiffs are Nurse Practitioners, a historically and predominantly female position, employed by the Veterans Administration.

**JURISDICTION AND VENUE**

4. Jurisdiction is conferred by 28 U.S.C. §1331 because these claims arise under the laws of the United States.

5. Venue is properly placed in the United States Court of Claims under 28 U.S.C. §1391(b) because Defendant is the United States Department of Veterans Affairs and the claim is based upon violations of the Equal Pay Act, 29 U.S.C. §206 et seq.

6 The merits of this action are grounded upon 29 U.S.C. §206(d), which provides for relief from discrimination in employment on the basis of sex pursuant to the Equal Pay Act, 29 U.S.C. §206 et seq., which provides that no employer shall discriminate between employees on the basis of sex in the payment of wages.

7. The Equal Pay Act was enacted as an amendment to the Fair Labor Standards Act ("FLSA").

8. As part of the FLSA, the Equal Pay Act, at 29 U.S.C. §216(b), provides a private right of action that entitles individuals to enforce the Equal Pay Act.

9. The Equal Pay Act was enacted in response to the distinct problem of wage discrimination.

## FACTUAL AND LEGAL ALLEGATIONS

10. The Plaintiffs are present and/or former Nurse Practitioners ("NPs"), working for the United States Department of Veteran Affairs ("VA").

11. Plaintiffs are all "employees" as that term is defined in the FLSA and the Equal Pay Act.

12. Physician Assistants ("PAs") also are employees under the FLSA and the Equal Pay Act and are also employed by the VA in facilities in Tennessee.

13. PAs are predominantly and historically male.

14. The PAs employed by the VA perform jobs of equal skill, effort and responsibility and perform such jobs under similar working conditions as the NPs.

15. The NPs employed by the VA perform jobs of equal skill, effort and responsibility and perform such jobs under similar working conditions as the PAs.

16. Plaintiffs, as NPs, were and are paid at a lesser rate than the predominantly male PAs although Plaintiffs were performing jobs of equal skill, effort and responsibility and performing them under similar working conditions.

17. The VA pays different wages to the PAs and NPs.

18. The PA and NP positions are fungible at the VA.

19. Such disparity in pay rates has been and is due to Plaintiff NPs being predominantly and historically female and the PAs being predominantly and historically male.

20. The Plaintiffs herein have been paid lower wages than the PAs since at least 2004.

21. The wage differential is not justified under a seniority system.

22. The wage differential is not justified under a merit system.

23. The wage differential is not justified under a system which measures the quality or quantity of production.

24. The wage differential is not based on any factor other than sex.

25. The wage differential between the PAs and NPs does not exist for a legitimate business reason.

26. Defendant has acted and is acting recklessly or intentionally and without regard for Plaintiffs' legal rights in their treatment of the Plaintiffs.

27. Defendant has acted and is acting deliberately and intentionally to discriminate against Plaintiffs and to deprive them of their legal rights.

28. Complete gender diversity is not required under an Equal Pay Act claim.

29. As a direct and proximate result of Defendant's conduct as set forth above, Plaintiffs have suffered and continue to suffer loss of compensation, loss of fringe benefits, loss of future earnings, loss of reputation, humiliation, embarrassment, loss of self-esteem, loss of time and money, endeavoring to protect themselves from Defendant's unlawful discrimination including costs and attorney fees.

30. Plaintiffs are not paid at the same rate as the predominantly male PAs employees, although Plaintiffs perform jobs that require equal skill, effort and responsibility, and which are performed under similar working conditions as established by 29 U.S.C. § 206(b)(1) and 216(b).

31. Defendant has discriminated and is discriminating against Plaintiffs by paying them less than the predominantly male PAs, who were and are performing work which required and which requires equal skill, effort and responsibility and which was performed and is being performed under similar working conditions.

32. Defendant's discrimination was and is knowing and willful.

33. As a result of Defendant's discriminatory conduct, Plaintiffs have been damaged.

WHEREFORE, Plaintiffs pray this Court to:

1. Enter a judgment finding that Defendant has violated and is violating federal law as set forth above;

2. Order that Defendant pay the Plaintiffs all wages and benefits due and owing and to be owed in the future as a result of Defendant's discriminatory acts;

3. Award compensatory, punitive and liquidated damages to Plaintiffs in an amount to be determined at trial;

4. Award Plaintiffs their costs, and reasonable attorneys fees in this action; and

5. Other such and further relief as they may deem just and necessary.

Respectfully submitted,

Date: 3/4/08

JOHN F. BURKE, III (Ohio #0059974)
Mansour, Gavin, Gerlack & Manos Co., L.P.A.
55 Public Square, Suite 2150
Cleveland, OH 44113-1994
Phone: 216-523-1500; Fax: 216-523-1705
Email: jburke@mggmlpa.com
*Attorney for Plaintiffs*

**JURY DEMAND**

A trial by the maximum number of jurors permitted by law is hereby demanded.

JOHN F. BURKE, III