IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CONNIE E. YANT, et al., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08-77C |
| | ) | (Judge Hodges) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSE

For its answer to the complaint, defendant admits, denies, and alleges as follows:

1. Admits.

2. Denies. James B. Peake, M.D., is the current Secretary of Veterans Affairs ("VA").

3. Admits Plaintiffs are current or former Nurse Practitioners ("NPs") employed by the VA; otherwise denies the allegations contained in paragraph 3.

4. The allegations contained in paragraph 4 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are admitted.

5. The allegation contained in paragraph 5 constitutes a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is admitted.

6. The allegations contained in paragraph 6 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

7. The allegation contained in paragraph 7 constitutes a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is admitted.

8. The allegation contained in paragraph 8 constitutes a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is admitted.

9. The allegation contained in paragraph 9 constitutes a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

10. Admits.

11. The allegation contained in paragraph 11 constitutes a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is admitted.

12. The allegation contained in paragraph 12 constitutes a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is admitted.

13. Admits that approximately one-half of the physician assistants currently employed at the Veterans Affairs Medical Centers in Tennessee are male; otherwise denies the allegations contained in paragraph 13.

14. Denies.

15. Denies.

16. The allegation contained in paragraph 16 constitutes a conclusion of law and a statement of plaintiff's case to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

17. Admits that the VA utilizes different salary scales for Physician Assistants ("PAs") and NPs that compensate employees based upon their occupation, education, experience, and merit; otherwise denies the allegations contained in paragraph 17.

18. Denies.

19. Denies.

20. Denies.

21. The allegation contained in paragraph 21 constitutes a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

22. The allegation contained in paragraph 22 constitutes a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

23. The allegation contained in paragraph 23 constitutes a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

24. The allegation contained in paragraph 24 constitutes a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

25. The allegation contained in paragraph 25 constitutes a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

26. The allegation contained in paragraph 26 constitutes a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

27. The allegation contained in paragraph 27 constitutes a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

28. The allegation contained in paragraph 28 constitutes a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

29. The allegation contained in paragraph 29 constitutes a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

30. The allegation contained in paragraph 30 constitutes a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

31. The allegation contained in paragraph 31 constitutes a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

32. The allegation contained in paragraph 32 constitutes a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

33. The allegation contained in paragraph 33 constitutes a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

Defendant denies each and every other allegation not previously admitted or otherwise qualified. Defendant denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 33, or to any relief whatsoever.

AFFIRMATIVE DEFENSE

1. Plaintiffs' claims are barred because the VA utilizes salary scales for PAs and NPs that compensate employees based upon their occupation, education, experience, and merit, without regard for gender, in compliance with Federal law.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed with prejudice, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Patricia M. McCarthy
Patricia M. McCarthy
Assistant Director

s/Douglas G. Edelschick
DOUGLAS G. EDELSCHICK
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L. Street, N.W.
Washington, DC 20530
Tel: (202) 353-9303

Attorneys for Defendant

OF COUNSEL:

RANEY IRWIN
Attorney
Department of Veterans Affairs
Regional Counsel's Office
3322 West End Avenue, Suite 509
Nashville, Tennessee 37203

May 1, 2008

CERTIFICATE OF SERVICE

I hereby certify that on May 1, 2008, a copy of foregoing "DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSE" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Douglas G. Edelschick