IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CONNIE E. YANT, et al., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08-77C |
| | ) | (Senior Judge Hodges) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

JOINT PRELIMINARY STATUS REPORT

Pursuant to Appendix A of the Rules of the United States Court of Federal Claims ("RCFC"), plaintiffs, Connie E. Yant et al., and defendant, the United States, respectfully submit the following joint preliminary status report.

A. Jurisdiction

Plaintiffs allege that this Court has jurisdiction to consider and decide this action pursuant to the Equal Pay Act, 29 U.S.C. § 206 et seq. Defendant is not aware of a basis upon which to challenge jurisdiction at this time. See 28 U.S.C. § 1491.

B. Consolidation

The parties agree that this case should not be consolidated with any other case at this time.

C. Bifurcation

The parties agree that a bifurcation of damages and liability for trial is not necessary at this time.

D. Deferral

At this time, the parties agree that further proceedings in this case should not be deferred pending consideration of another case before this Court or any other tribunal.

E. Remand/Suspension

The parties do not request that this action be remanded or suspended at this time.

F. Joinder

The parties do not anticipate the filing of any motion to join additional parties at this time.

G. Dispositive Motions

The parties anticipate filing cross-motions for summary judgment pursuant to RCFC 56 upon the completion of discovery.

H. Relevant Issues

Plaintiffs are Nurse Practitioners ("NPs") who are current or former employees of the United States Department of Veterans Affairs ("VA"). Plaintiffs allege that, since at least 2004, they have been paid pursuant to a salary scale that is lower than the scale that the VA uses to pay Physician Assistants ("PAs"). Plaintiffs allege further that NP and PA positions are fungible, but that NPs are predominantly female and PAs are predominantly male. Finally, plaintiffs allege that the VA is engaging in gender discrimination by paying PAs more than NPs for performing jobs of equal skill, effort and responsibility and performing them under similar working conditions. Plaintiffs claim damages relating to their lower NP salary and related benefits.

The Government contends that the VA properly utilized different pay scales for NPs and PAs that compensate these employees based upon their respective occupation, education, experience, and merit, without regard for gender, in compliance with Federal law. The VA pays male NPs and female NPs the same pursuant to the NP salary scale. The VA pays male PAs and female PAs the same pursuant to the PA salary scale. Approximately 20 percent of NPs are

male, and nearly one half of PAs are women. The VA's use of different pay scales for NPs and PAs is based upon gender neutral factors and does not violate the Equal Pay Act.

I. Settlement

The parties will continue to consider the possibility of settlement of this matter as discovery progresses.

J. Trial

If dispositive motions are not submitted, or if any such motions are not completely dispositive of this action, the parties anticipate proceeding to trial. The parties do not request expedited trial scheduling. Plaintiffs request that the trial take place in Nashville, Tennessee. Defendant does not oppose plaintiffs' request at this time.

K. Electronic Case Management

The parties have no special issues regarding electronic case management needs.

L. Additional Information

There is no additional information of which the Court should be aware at this time.

M. Proposed Discovery Plan

The parties may conduct simultaneous discovery through various means as provided by the RCFC, including interrogatories, requests for admission, requests for the production of documents, depositions, and subpoenas duces tecum and for deposition. The parties propose the following schedule:

| | |
|---|---|
| 1. Exchange of RCFC 26(a)(1)(B) Documents | August 1, 2008 |
| 2. Completion of Fact Discovery | December 1, 2008 |
| 3. Exchange of RCFC 26(a)(2)(A) Expert Disclosures | December 1, 2008 |
| 4. Exchange of RCFC 26(a)(2)(B) Expert Disclosures | January 2, 2009 |

5. Completion of Expert Discovery February 2, 2009

6. Deadline for Filing RCFC 56 Motions: March 2, 2009

Except as provided above with respect to the exchange of RCFC 26(a)(1)(B) documents, the parties agree to dispense with RCFC 26(a)(1) disclosures.

Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Patricia M. McCarthy
PATRICIA M. MCCARTHY
Assistant Director

s/Douglas G. Edelschick
DOUGLAS G. EDELSCHICK
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L. Street, N.W.
Washington, DC 20530
Tel: (202) 353-9303

June 26, 2008

Attorneys for Defendant

s/John F. Burke, III
JOHN F. BURKE, III
Mansour, Gavin, Gerlack
& Manos Co. L.P.A.
55 Public Square, Suite 2150
Cleveland, Ohio 44113-1994
Tel: (216) 523-1500

June 26, 2008

Attorney for Plaintiffs

CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2008, a copy of foregoing "JOINT PRELIMINARY STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Douglas G. Edelschick